Thomas R. McCarthy*
Bryan Weir*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
Email: tom@consovoymccarthy.com

Michael L. Testa Jr.
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Email: mtestajr@testalawyers.com

*Counsel for Plaintiffs*

\*   *Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, NEW JERSEY REPUBLICAN STATE COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>TAHESHA WAY, in her official capacity as Secretary of State of New Jersey,<br><br>Defendant. | No. 3:20-cv-10753-MAS-ZNQ<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** |

This case challenges the New Jersey's recently enacted statute A4475, which changed the rules for the upcoming general election. New Jersey is here defending its new law, and Plaintiffs agreed that the Democratic Party could intervene and defend the law as well. This case doesn't need any more parties defending the law. Plaintiffs oppose the intervention of League of Women Voters of New Jersey and NAACP New Jersey State Conference. Movants can voice their perspectives and raise their legal arguments in amicus briefs.

\* \* \*

Movants seek intervention under Rule 24(a) or 24(b). Under Rule 24(a)(2), intervention as-of-right must be denied if "existing parties adequately represent" the movants' interest. And while Rule 24(b) instructs courts to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), this Court can deny permissive intervention under that rule based on "almost any factor rationally relevant." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *accord Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir. 1977). At least three factors warrant denying intervention here.

***First***, the Democratic Party has already intervened alongside the State to defend A4475, and they will together adequately represent Movants' interests. Movants claim the State and the Democratic Party do not share the proposed intervenors' interest in "expanding access to vote-by-mail and preventing voter confusion." Doc. 15-1 at 13-14. But that is not correct. *See* Doc. 10-1 at 7 (claiming an interest in defending "the State's efforts to expand access to mail voting."). Movants' intervention is thus "unnecessary" and will only "delay the proceedings." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); *see also Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994).

Indeed, the District of Montana recently denied a similar intervention request from the League of Women Voters of Montana, *sua sponte*, for these reasons. *See Donald J. Trump for President, Inc. v. Bullock*, 6:20-cv-66 (D. Mont.) (Doc. 61) (attached). There, as here, the Court granted intervention to the Democratic Party, and the League followed up with its own intervention request. The court denied intervention without waiting for the parties to file their oppositions. It was "skeptical that the [League] will present arguments in support of the constitutionality of the [law] different from those asserted by the existing parties to the case," and thus did "not find that the [League] would provide this litigation with any necessary elements not currently attended to by the parties." *Id.* at 5. And given the League's interests were "not dissimilar to the interests of any number of politically involved organizations in Montana," if the "Court were to permit the [League] to intervene on that basis alone, it would be hard pressed to deny future motions seeking intervention from any number of the hundreds of organizations who engage in [similar] efforts from a partisan or nonpartisan standpoint." *Id.* at 5-6.

**Second**, because this case presents purely legal issues, Movants' intervention will not "significantly contribute to … [its] just and equitable adjudication." *Spangler*, 552 F.2d at 1329; *accord H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). "As what is primarily at issue here is the" legality of A4475, "it is obvious that the proposed intervention would add little, if any, to the elucidation of the matter." *Sidberry v. Koch*, 539 F. Supp. 413, 418 (S.D.N.Y. 1982). Plaintiffs have raised purely legal claims, and Movants "present[] no new questions"; additional interventions could do no more than "merely underline[] issues of law already raised by the primary parties." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)). In these circumstances, courts allow interested groups to be *amici*, but not

parties to the litigation. *E.g.*, *Valley View Health Care, Inc. v. Chapman*, 2013 WL 4541602, at *9 (E.D. Cal. Aug. 27, 2013) ("The 'factual' development proposed by Proposed Intervenors does not aid in adjudication of a purely legal issue.").

**Third**, because this Court has already granted intervention to private parties who fully represent Movants' interests, additional interventions could only cause prejudice and undue delay. "Adding additional parties always takes additional time" and thus delays adjudication of the main action. *See Viterna*, 740 F.2d at 359. "[T]hey are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Id.*; *see also Valley View*, 2013 WL 4541602, at *9 ("The Court finds that while the Proposed Intervenors may have a unique point of view and expertise, intervention … is likely to result in a delay in the proceedings and duplicative briefing, adding a layer of unwarranted procedural complexity."). Since Movants' added delay and complexity comes with no countervailing benefits, it is "undu[e]." Fed. R. Civ. P. 24(b)(3).

When it comes to election cases, there will always be another group, organization, or individual voter with legitimate interests but with little, if anything, to add. *See Bullock*, *supra*, at 6 ("As a matter of practicality and equity, the Court cannot permit this action to be overwhelmed by any number of groups seeking to protect similar interests to those enumerated by the [League]."). Lest this already complex litigation devolve into a "Donnybrook Fair," the Court should limit all these additional groups to "the position of *amicus*," *Viterna*, 740 F.2d at 359; *see also Valley View*, 2013 WL 4541602, at *9, as the District of Montana did. At the very least, if Movants are granted intervention, this Court should require them to confer with the existing defendants and make every effort to avoid duplicative, overlapping arguments.

3

\* \* \*

The Court should deny Movants' motion to intervene and instead permit them to participate as *amici*.

Dated: September 21, 2020                                                    Respectfully submitted,

*/s/ Michael L. Testa Jr.*
Thomas R. McCarthy\*
Bryan Weir\*
Cameron T. Norris\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
Email: tom@consovoymccarthy.com

Michael L. Testa Jr.
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
Email: mtestajr@testalawyers.com

\* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically filed this pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael L. Testa Jr.*
Michael L. Testa Jr.
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
(856) 691-2300