UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP D. MURPHY, in his official capacity as Governor of New Jersey, TAHESHA WAY, in her official capacity as Secretary of State of New Jersey, et al., <br><br> Defendants. | Civil Action No. 20-10753 (MAS) (ZNQ) <br><br><br> **ORDER** |

This matter comes before the Court upon League of Women Voters of New Jersey ("LWVNJ") and NAACP New Jersey State Conference's ("NAACPNJ") (collectively, "Movants") Motion to Intervene (the "Motion"). (ECF No. 15.) Plaintiffs Donald J. Trump for President, Inc., Republican National Committee, and New Jersey Republican State Committee (collectively, "Plaintiffs") opposed. (Pls.' Opp'n, ECF No. 43.) Defendant Tahesha Way ("Defendant") and Intervenor Defendant DCCC ("Intervenor") took no position on the Motion. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

Plaintiffs filed this action against Defendant to challenge the validity of NJ A4475, which was signed into law on August 28, 2020, arguing it violates: (1) two counts of 3 U.S.C. §1, 2 U.S.C. §§ 1 and 7; (2) the right to vote (42 U.S.C. §1983); and (3) the Equal Protection Clause (42 U.S.C. §1983). (*See* Amended Complaint, ECF No. 33.) NJ A4475 provides "for universal vote-by-mail balloting." (*Id.* ¶ 1). Furthermore, it "permits election officials to begin canvassing mail-in ballots – but not early in-person ballots – 10 days before Election Day," (*id.* ¶ 110) . . . "permits

absentee ballots that have not been postmarked to be counted if they are received two days after Election Day," (*id.* ¶ 114) . . . and, "requires automatic mailing[sic] ballots to all active voters. . ." (*Id.* ¶ 119).

Movants now seek to intervene to protect the voting rights of their members and prevent voter confusion. (Mov. Br. 4, ECF No. 15-1.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 24(a)(2) grants a timely movant the right to intervene where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

> It is axiomatic that to intervene as a matter right under Rule 24(a)(2) the prospective intervenor must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987)).

"In defining the contours of a 'significantly protectable' legal interest under Rule 24(a)(2), [the Third Circuit has] held that, '"the interest must be a legal interest . . ." [and] [t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.'" *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). The Court must "therefore determine whether the proposed intervenors are real parties in interest." *Id.* Courts, however, "liberally construe[ ]" Rule 24(a) "in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

2

Separately, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The decision of whether to grant or deny intervention under Rule 24(b)(1)(B) is discretionary. *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

### III. DISCUSSION

It is clear that Movants have satisfied the elements of permissive intervention pursuant to Rule 24(b)(1)(B), which provides the Court the discretion to allow intervention "[o]n timely motion" where the movant "has a claim or defense that shares with the main action a common question of law or fact."

There is no dispute that Movants' Motion is timely. The Complaint and Amended Complaint were filed as recently as August 18, 2020 and September 11, 2020, respectively. Movants' Motion was even filed more than two weeks prior to Plaintiffs' Motion for Order to Show Cause Why a Preliminary Injunction Should Not Issue. Additionally, a briefing schedule has already been set in this case (*see* Text Order, ECF No. 40), to which Movants will be bound. Thus, the Court will turn to whether Movants have presented a common defense to the main question of law. Movants argue their intended defense, "that the [law] does not violate the United States Constitution." (Mov. Br. 16.) The Court finds that defending the constitutionality of NJ A4475 by asserting it does not violate the United States Constitution is a valid defense that shares with the main action a common question of law.

Moreover, no prejudice or undue delay will result from allowing Movants to intervene. As discussed, the motion was filed in a timely fashion and will not impact the pending briefing schedule. Moreover, adding Movants to the case at this preliminary juncture would not result in

3

undue delay due to repetitive and voluminous filings; to the contrary, supplemental briefing on issues critical to this litigation is anticipated to be beneficial to the Court. Thus, the Court finds no prejudice or undue delay resulting from Movants' timely intervention.

The decision to grant permissive intervention is discretionary. Movants collectively have approximately 8,500 members across the state with members "span[ning] both political parties." (*Id.* at 1-2, 14.) Additionally, Movants engage in voter advocacy and education to increase voting participation in elections. (*Id.* at 9.) The Court therefore finds ample cause within its discretion to grant Movants' Motion and allow Movants to permissively intervene.

Plaintiffs oppose the intervention of Movants because: (1) the Democratic Party will adequately represent Movants' interests; (2) Movants will not significantly contribute to the purely legal issues of the case; and (3) allowing Movants to intervene will only cause prejudice and delay. (*See generally* Pls.' Opp'n) Plaintiffs' specific arguments, however, attack Movants' right to intervention pursuant to Rule 24(a). The Court need not further address these arguments beyond its previous findings because permissive intervention is granted pursuant to Rule 24(b)(1)(B).

Nonetheless, the Court is sensitive to Plaintiffs' concern that "[w]hen it comes to election cases, there will always be another group, organization, or individual voter with legitimate interests but with little, if anything to add." (Pls.' Opp'n 3). The parties can rest assured that in finding in favor of the Movants, this Court is in no way condoning an open-door policy for potential future litigants in this matter. Additional proposed intervenors, if any, would be similarly subjected to an analysis pursuant to Rule 24, including consideration of timeliness, prejudice, and delay.

IV. **CONCLUSION & ORDER**

For the reasons stated above, and for other good cause shown,

**IT IS** on this 23rd day of September, 2020 **ORDERED** that:

1. The Motion (ECF No. 15) is **GRANTED**.

_____
ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE