

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

October 2, 2020

**VIA CM/ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:   Donald J. Trump For President, Inc., et al. v. Philip D. Murphy, et al.
         Civil Action No.: 20-10753 (MAS) (ZNQ)**

Dear Judge Shipp:

On behalf of Intervenor-Defendant DCCC ("DCCC"), we write to respectfully request that the Court order an expedited schedule for briefing and adjudication of DCCC's forthcoming motion to dismiss Plaintiffs' Amended Complaint.  Later today, DCCC intends to contemporaneously file an Order to Show Cause with its motion to dismiss, seeking an expedited review on the above briefing schedule and respectfully requests that the Court enter the Order to Show Cause with the expedited briefing schedule proposed below.

Counsel for plaintiffs Donald J. Trump For President, Inc., the Republican National Committee, and the New Jersey Republican State Committee (collectively "Plaintiffs") have declined to consent to this request.  The State takes no position on DCCC's request for expedited briefing but asks that the Court allow it to file a brief explaining the State's position 4 days after the filing of DCCC's motion to dismiss should the Court order expedited briefing.

Plaintiffs commenced this action on August 18, 2020, by seeking declaratory and injunctive relief against the State defendants.  (ECF No. 1.)  The Complaint made several claims against Governor Murphy based on his issuance of Executive Order 177 ("EO 177").  *Id.*[1] After the Legislature passed Legislation that superseded EO 177, Plaintiffs filed their Amended Complaint on September 11, 2020.  (ECF No. 33.)  Counts I and II of the Amended Complaint are the subject of Plaintiffs' pending motion for preliminary injunctive relief.  Plaintiffs have

---

[1] The DCCC moved to intervene in this matter as a party defendant, which request was granted on September 1, 2020.  (ECF No. 20.)



Hon. Michael A. Shipp, U.S.D.J.
October 2, 2020
Page 2

not, however, been forthcoming about their intent as to Counts III and IV and whether they will seek emergency relief on those counts too. Count III centers on Plaintiffs' contention that sending ballots by mail to all active voters in New Jersey "facilitates fraud and other illegitimate voting practices" in violation of the Fourteenth Amendment. *Id.* ¶¶ 120-121. In Count IV Plaintiffs contend that there is a risk that counties in New Jersey will adopt "arbitrary and varying procedures" with respect to determining the validity of in-person, provisional ballots in violation of the Equal Protection clause. *Id.* ¶ 134.

The Court set an expedited briefing schedule on Plaintiffs' motion for preliminary injunction. (ECF No. 39.) The abbreviated briefing schedule was established to give all parties the opportunity to take an expedited appeal of any initial determination by this Court, and expedited review of any appeal.[2]

Fed. R. Civ. P. 6(c)(1)(C) permits the Court, upon a showing of good cause, to set a shorter timeframe for hearing a motion. DCCC seeks expedited briefing on its motion to dismiss in advance of Election Day because Plaintiffs refuse to disclose their intentions with respect to Counts III and IV, including whether they will seek emergency relief on those claims in advance of Election Day and/or whether they intend to use those claims to ask this Court to invalidate the hundreds of thousands of mail ballots that are likely to be returned by New Jersey voters in this election as well as provisional ballots that are cast at polling places.

Specifically, ruling on some of Plaintiffs' challenges, while leaving others outstanding, would continue this litigation as the election approaches. Without a ruling on Counts III and IV, Plaintiffs can hold these claims and deploy them later in an attempt to challenge the validity and integrity of election results, undermining the salutary aim of deciding election-related challenges as far in advance of the election as possible. *See*, *e.g.*, *Donald J. Trump For President, Inc., et al. v. Kathy Boockvar, et al.*, No. 2:20-cv-966, Order at 4-5, 8-10 (W.D. Pa. Sept. 23, 2020) (ECF No. 459) (ordering expedited discovery and an expedited summary judgement schedule, noting that the matter required expeditious resolution "to resolve [the] case in a manner that will minimize prejudice to Defendants, ensure the proportionality of discovery, and provide the parties with certainty as far ahead of the general election as possible"); *Common Cause v. Thomsen*, No. 19-CV-323-JDP, 2020 WL 5665475, at *1 (W.D. Wis. Sept. 23, 2020) (case should be set for "expedited consideration so I could consider whether to grant relief before the November 3, 2020, general election"); *Democracy N.C. et al. v. N.C. State Bd. of Elecs.*, No.

---

[2] Plaintiffs have only sought a preliminary injunction only with respect to Counts I and II of their Amended Complaint Despite repeated requests, counsel for Plaintiffs have refused to provide any clarity on the form of relief that they intend to seek with respect to Counts III and IV, and, specifically, whether they intend to challenge the process in the upcoming November 3, 2020, or only prospectively as to future elections.



Hon. Michael A. Shipp, U.S.D.J.
October 2, 2020
Page 3

1:20-cv-00457-WO-JLW, Text Order (M.D.N.C. June 29, 2020) (granting motion to expedite briefing).

In short, an expedited review of DCCC's motion to dismiss would permit this court (and the appellate courts) to potentially resolve all of Plaintiffs' challenges, avoiding confusion and preserving the integrity of the upcoming election in New Jersey. DCCC, therefore, requests that the Court establish the following briefing schedule:

>Deadline for DCCC's Motion to Dismiss: October 2, 2020

>Deadline for Opposition to DCCC's Motion to Dismiss: October 7, 2020

>Deadline for Reply to Opposition: October 9, 2020

As noted above, later today DCCC intends to contemporaneously file an Order to Show Cause with its motion to dismiss, seeking an expedited review on the above briefing schedule. If, however, the Court would prefer to discuss a briefing schedule for the motion to dismiss in advance of its filing, we are available at the Court's convenience.

We thank the Court in advance for its attention to this matter.

>Respectfully Submitted,
>
>**GENOVA BURNS LLC**
>
>*s/ Rajiv D. Parikh*
>RAJIV D. PARIKH

RDP/MM:tc
Enclosures
cc:   Angelo J. Genova, Esq. (via CM/ECF)
      Marc E. Elias, Esq. (via electronic mail)
      Thomas R. McCarthy (via CM/ECF)
      Michael L. Testa Jr. (via CM/ECF)

#15522246v5 (24464.001)