

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

October 6, 2020

Honorable Michael A. Shipp, USDJ
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    <u>Donald J. Trump for President, Inc., et al. v. Way</u>
               Civ. No.: 20-10753 (MAS-ZNQ)

Dear Judge Shipp:

      The State submits this letter to apprise this Court of an order the Supreme Court issued last night, in which the Court stayed an injunction of another state's elections-related laws. *See Andino v. Middleton*, 592 U.S. ____, ____ (2020) (slip op. at 1). In *Andino*, the district court had enjoined a South Carolina law requiring residents who vote by mail to procure a separate witness to sign a statement that they observed the voter swear and affirm they are qualified to vote. While the law at issue there is distinct from New Jersey's, the Court's order is relevant in two respects.

      First, although the Court stayed the district court's injunction, to protect the votes that were already cast, the Court determined that "any ballots cast before this stay issues *and received within two days of this order* may not be rejected for failing to comply with the witness requirement." *Id.* at 1 (emphasis added). That order appears to reflect the understanding, substantiated by the record in this case, that ballots can take at least two days to be delivered by mail, and that such a two-day timeframe is necessary to prevent the disenfranchisement of voters. The same is true here.

      Second, Justice Kavanaugh, in a concurrence accompanying the Court's order, laid out his reasoning for why he believed the Court was correct in rejecting an injunction of a state's elections laws. *Id.* at 1-2. For one, he wrote, the Constitution "principally entrusts the safety and the health of the people to the politically accountable officials of the States," and states thus merit "especially broad latitude" when they "act in areas fraught with medical and scientific uncertainties." *Id.* at 2 (quoting *S. Bay United Pentecostal Church v. Newsom*, 590 U. S. ___, ___ (2020) (Roberts, C.J., concurring in denial of application for injunctive relief)). Justice Kavanaugh noted this deference extended to state elections laws: "a State legislature's decision either to keep or to make changes to election rules to address COVID-19 ordinarily 'should not be subject to second-guessing by an

unelected federal judiciary." *Id.* at 2. For another, Justice Kavanaugh added, the *Purcell* principle makes clear that "federal courts ordinarily should not alter state election rules in the period close to an election." *Id.* (citing *Purcell v. Gonzalez*, 549 U. S. 1 (2006)). These justifications strongly counsel against granting the relief Plaintiffs seek in their preliminary injunction motion.

          Sincerely,

          /s/ Matthew J. Lynch
          Matthew J. Lynch
          Deputy Attorney General

Cc: Counsel of Record (via CM/ECF)